IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SAMUEL CARTER, #A0247045,<br><br>        Petitioner,<br><br>    vs.<br><br>JOHN SCHELL,<br><br>        Respondent. | Civil No. 24-00456 DKW-RT<br><br>ORDER TO SHOW CAUSE |

On October 24, 2024, the Court received from pro se Petitioner Samuel Carter a Petition for Writ of Habeas Corpus.[1]  ECF No. 1.  In the Petition, Carter challenges an October 11, 2024 order of the Circuit Court of the First Circuit, State of Hawaii, denying bail in his ongoing state criminal case.  The Court has reviewed the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules").  Because the Petition does not show that Carter exhausted his claims related to the Circuit Court's October 11, 2024 order before bringing this action, Carter is ORDERED TO SHOW CAUSE in writing on or before **December 19, 2024** why this action should not be dismissed.

---

[1] Carter is currently detained at the Oahu Community Correctional Center, a state facility.  *See* ECF No. 1 at PageID.1; *see also* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number," enter "A0247045," and select "Search") (last visited Nov. 20, 2024).

In the alternative, Carter may voluntarily dismiss this action. If Carter decides to dismiss this action, he may timely file another petition after properly exhausting his claims in state court.

## I. BACKGROUND[2]

Carter is in pretrial custody at the Oahu Community Correctional Center ("OCCC"), awaiting trial in state court in *State v. Carter*, No. 1CPC-22-0001081 (Haw. 1st Cir.).[3] On August 30, 2022, the Circuit Court of the First Circuit issued an Order Pertaining to Bail. *Carter*, No. 1CPC-22-0001081 (Haw. 1st Cir. Aug. 30, 2022), Dkt. 11. In that order, the Circuit Court ordered Carter to be "held without bail." *Id.*

On January 9, 2023, Carter filed a Motion for Supervised Release or, In the Alternative, to Set Bail. *Carter*, No. 1CPC-22-0001081 (Haw. 1st Cir. Aug. 30, 2022), Dkt. 82. Following a hearing on that motion, the Circuit Court changed course and set bail at $3.3 million. *See* Order Pertaining to Bail, *Carter*, No. 1CPC-22-0001081 (Haw. 1st Cir. Jan. 31, 2023), Dkt. 107.

On March 14, 2023, Carter filed another Motion for Supervised Release or, In the Alternative, to Reduce Bail. *See Carter*, No. 1CPC-22-0001081 (Haw. 1st

---

[2]These facts are taken from the Petition and Carter's state court criminal docket.

[3]*See* Hawaii State Judiciary, https://www.courts.state.hi.us/ (follow "eCourt Kokua*," select "Click Here to Enter eCourt* Kokua," select "Case Search," and enter "1CPC-22-0001081" in "Case ID or Citation Number" field) (last visited Nov. 20, 2024).

Cir. Mar. 14, 2023), Dkt. 120.  Carter asked the state court to reduce his bail amount to $100,000.  *Id.*  The Circuit Court denied Carter's motion.  *See* Order Denying Defendant's Motion for Supervised Release or, in the Alternative, to Reduce Bail, *Carter*, No. 1CPC-22-0001081 (Haw. 1st Cir. Sept. 1, 2023), Dkt. 205.

Carter appealed to the Intermediate Court of Appeals ("ICA").  *See State v. Carter*, No. CAAP-23-0000444 (Haw. Ct. App. July 26, 2023).  Carter argued that bail in the amount of $3.3 million violated the Eighth Amendment to the U.S. Constitution because it was excessive.  *See* Opening Brief, *Carter*, No. CAAP-23-0000444 (Haw. Ct. App. Oct. 2, 2023), Dkt. 33.  On March 6, 2024, the ICA issued a published opinion affirming in part and vacating in part the Circuit Court's September 1, 2023 order.  *State v. Carter*, 546 P.3d 1210 (Haw. Ct. App. 2024).  The ICA held that, after making findings to support a denial of bail under state law, the Circuit Court abused its discretion in setting bail in the amount of $3.3 million.  *Id.* at 1218–19.  The ICA remanded the case to the Circuit Court "to issue an order pertaining to bail and to conduct any further proceedings as may be necessary."  *Id.* at 1219.

On April 25, 2024, Carter filed an Application for Writ of Certiorari that the Hawaii Supreme Court denied on May 30, 2024.  *See State v. Carter*, No. SCWC-23-0000444 (Haw. May 30, 2024), Dkt. 7.

After an October 8, 2024 hearing, the Circuit Court issued an October 11, 2024 order denying Carter's Motion for Supervised Release or, In the Alternative, to Reduce Bail. *See* Order Denying Defendant's Motion for Supervised Release or, in the Alternative, to Reduce Bail, *Carter*, No. 1CPC-22-0001081 (Haw. 1st Cir. Oct. 11, 2024), Dkt. 349. The Circuit Court denied bail "under Hawaii Revised Statutes ('HRS') § 804-3(b) or (d)." *Id.*

Carter signed the Petition on October 17, 2024. ECF No. 1 at PageID.5. In the Petition, Carter argues, among other things, that "HRS 804-3(b) and 804-3(d) violate[] the 14[th] Amendment due process and equal protection [clauses]." *Id.* at PageID.2. Carter further argues that he should not have been denied bail. *Id.* Carter asks the Court to "[l]ower his bail to $100,000." *Id.* at PageID.5. On November 18, 2024, the Court received the $5.00 fee associated with this action. ECF No. 5.

## II.   DISCUSSION

**A.   Petition for a writ of habeas corpus under 28 U.S.C. § 2241**

The Court may entertain a petition for writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). A

pretrial detainee's challenge to a bail determination is properly raised under 28 U.S.C. § 2241.  See *Stack v. Boyle*, 342 U.S. 1, 6-7 (1951); *Arevalo v. Hennessy*, 882 F.3d 763, 767 (9th Cir. 2018).

A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Rule 4 of the Rules Governing Section 2254 Cases, which applies to habeas petitions brought pursuant to 28 U.S.C. § 2241, requires a district court to summarily dismiss a habeas petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).  "A district court should do so, however, only after 'provid[ing] the petitioner with adequate notice and an opportunity to respond.'" *Valdez*, 918 F.3d at 693 (quoting *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001)) (alteration in original).

**B.     Exhaustion**

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted); *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004) (federal courts "require, as a prudential matter, that habeas

5

petitioners exhaust available judicial . . . remedies before seeking relief under § 2241.") (citation omitted). A petitioner's claims are considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986) (citing *Rose v. Lundy*, 455 U.S. 509, 515 (1982)). "Where a petitioner seeks pre-conviction habeas relief, [the] exhaustion prerequisite serves two purposes: (1) to avoid isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims; and (2) to prevent federal interference with state adjudication, especially state criminal trials." *Carden v. Montana*, 626 F.2d 82, 83–84 (9th Cir. 1980).

Here, the Petition does not reflect that Carter has exhausted his state remedies. Although Carter successfully argued in the ICA that the Circuit Court abused its discretion in setting his bail at $3.3 million, it does not appear that he has raised in state court any challenges to the Circuit Court's October 11, 2024 order denying bail. More specifically, since the Circuit Court issued its recent order, Carter has not argued in state court, as he contends in the Petition, that HRS § 804-3(b) and (d) violate the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment. *See* ECF No. 1 at PageID.2. Nor does it appear that Carter has argued in state court that the Circuit Court's denial of bail based on

the facts and circumstances of his case somehow violated his constitutional rights. Unless Carter has already exhausted his claims challenging the Circuit Court's October 11, 2024 order, which seems unlikely given the recency of that order, this action must be dismissed. *See Pitts v. Summerville*, Civil No. 20-00421 LEK-KJM, 2020 WL 6325705, at *2 (D. Haw. Oct. 28, 2020) (dismissing habeas petition based on alleged excessive bail because petitioner failed to exhaust his claims); *McCoy v. Sequeira*, Civ. No. 20-00384, 2020 WL 5604031, at *2 (Sept. 18, 2020 D. Haw.) (same).

### III.  CONCLUSION

(1)  Carter is ORDERED TO SHOW CAUSE in writing on or before **December 19, 2024** why this action should not be dismissed for failure to exhaust state remedies. Specifically, Carter is directed to demonstrate how he exhausted any claims related to the Circuit Court's October 11, 2024 order denying bail. Failure to submit a written response by the prescribed date will result in dismissal of this action without prejudice.

(2)  In the alternative, Carter may NOTIFY the court in writing on or before **December 19, 2024** that he is voluntarily dismissing this action. If Carter chooses

this option, he may timely file another petition after properly exhausting his claims in state court.

IT IS SO ORDERED.

DATED: November 20, 2024 at Honolulu, Hawaiʻi.



/s/ Derrick K. Watson
Derrick K. Watson
Chief United States District Judge

*Samuel Carter v. John Schell;* Civil No. 24-00456 DKW-RT*;* **ORDER TO SHOW CAUSE**

8